# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 11-750V
March 29, 2013
Not for Publication

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MELANIE ROUSH, as the Parent and Natural     *
Guardian of SAVANNA SIMMONS, an Infant,     *
        *
       Petitioner,     *
        *
    v.     *        Failure to prosecute; no expert
        *        opinion; no response to order
        *        to show cause
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *
        *
       Respondent.     *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Melanie Roush, New Holland, OH, for petitioner (pro se).
Jennifer L. Reynaud, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On November 8, 2011, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa–10-34 (2006), on behalf of her daughter Savanna Simmons, alleging that Gardasil, Menactra, DTaP, Varicella, and Flu Mist vaccines caused Savanna an allergic reaction and epilepsy.

Although initially represented by counsel, petitioner became pro se on August 24, 2012.

A telephonic status conference was held with petitioner and respondent's counsel on October 24, 2012, during which petitioner stated she had contacted another attorney and was going to send the medical records to him.  The undersigned set up another status conference with petitioner and respondent's counsel for January 9, 2013.  This was with the consent of petitioner as well as respondent's counsel.

On January 9, 2013, petitioner failed to appear for the scheduled telephonic status conference.

On January 9, 2013, the undersigned issued an Order stating that petitioner shall contact the undersigned's law clerk by January 31, 2013 to set up another status conference.  If petitioner failed to contact the law clerk by January 31, 2013, petitioner should expect the undersigned to issue an Order to Show Cause why this case should not be dismissed.

Petitioner failed to contact the undersigned's law clerk.

On February 28, 2013, the undersigned issued an Order to Show Cause why this case should not be dismissed and gave petitioner until March 18, 2013 to respond.

Petitioner failed to respond to the undersigned's Order to Show Cause.  This petition must be dismissed for failure to prosecute.

**DISCUSSION**

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence" (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Sec'y of HHS, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" *i.e.*, "evidence in the form of scientific studies or expert medical testimony[.]"

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for the vaccines, Savanna would not have had epilepsy, but also that the vaccines were a substantial factor in bringing about her epilepsy. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Petitioner has not filed any expert report in support of her allegations. The undersigned cannot rule in petitioner's favor based solely on her allegations without supporting medical records or medical opinion. 42 U.S.C. § 300aa-13(a)(1).

Petitioner has failed to make a prima facie case of causation in fact. She has failed to prosecute this case. This petition is hereby **DISMISSED**.

## CONCLUSION

Petitioner's petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**

_____                    _____
DATE                                                          Laura D. Millman
                                                                  Special Master

---

[2]  Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.